_____

No. 95-2894
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *  Appeal from the United States
     v.                            *  District Court for the
                                   *  Western District of Arkansas.
Stephen Byron Elliott,             *       [UNPUBLISHED]
                                   *
          Appellant.               *


                        _____

          Submitted:  April 3, 1996

            Filed:  April 18, 1996
                        _____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
                        _____

PER CURIAM.


     Stephen Byron Elliott appeals from the district court's[1] order
denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his
sentence.  We affirm.

     On direct appeal, we affirmed Elliott's sentence and conviction for
manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1).
United States v. Elliott, No. 94-1717, 1994 WL 378996 (8th Cir. July 21,
1994) (unpublished per curiam).  Elliott then filed this section 2255
motion, arguing that counsel rendered ineffective assistance in failing to
challenge the government's evidence on the total weight of ephedrine seized
from Elliott's

_____

     [1]The Honorable Jimm Larry Hendren, United States District
Judge for the Western District of Arkansas, adopting the report and
recommendation of the Honorable Beverly R. Stites, United States
Magistrate Judge for the Western District of Arkansas.

motor home, and in failing to properly challenge the projection as to the quantity of methamphetamine that could be produced from the ephedrine.

We review de novo the district court's denial of Elliott's section 2255 motion and, as it was denied without an evidentiary hearing, affirm only if the motion, files, and records conclusively show that Elliott is not entitled to relief. See United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 116 S. Ct. 224 (1995).

To prevail on his ineffective assistance claims, Elliott needed to demonstrate that his counsel's "`representation fell below an objective standard of reasonableness' and that `there is a reasonable probability that, but for counsel['s] unprofessional errors, the result of the proceeding would have been different.'" See Whitmore v. Lockhart, 8 F.3d 614, 616-17 (8th Cir. 1993) (quoted case omitted). Elliott did not show he was prejudiced by counsel's failure to challenge the weight of the ephedrine used to project the methamphetamine he was capable of producing, because he did not rebut the testimony and test results in the record showing that the substance seized from Elliott's motor home was a quantity of ephedrine capable of producing the amount of methamphetamine that was used in determining Elliott's sentence. Although Elliott also argues that counsel failed to properly challenge the characterization of the projected amount of methamphetamine as "actual" methamphetamine, counsel raised the issue of the methamphetamine's purity at sentencing. We also note that, on direct appeal, we concluded the trial court correctly applied U.S.S.G. § 2D1.1, comment. (n.12), in approximating the quantity of methamphetamine Elliott was capable of manufacturing. See Elliott, 1994 WL 378996 at **1. We agree with the district court that Elliott failed to show counsel was ineffective.

Accordingly, we affirm the judgment of the district court.

-2-

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.